Ronald Gene SIMMONS *v.* STATE of Arkansas

CR 89-45                                      766 S.W.2d 422

Supreme Court of Arkansas
Opinion delivered March 10, 1989

*John C. Harris* and *Robert E. Irwin,* for petitioner.

No response.

PER CURIAM. The petitioner, Ronald Gene Simmons, has filed his petition requesting expedited review of his waiver of direct appeal. On February 10, 1989, a Johnson County jury convicted the petitioner of capital murder and sentenced him to death by lethal injection, on March 16, 1989, at 7:00 o'clock a.m. Following the trial, the petitioner notified the trial judge of his desire to waive his appeal and after an evidentiary hearing held on March 1, 1989, the trial judge found the petitioner was competent to waive his right to a direct appeal. In accordance with this court's decision in *Franz* v. *State*, 296 Ark. 181, 754 S.W.2d 839 (1988), petitioner now submits to this court a transcript of the lower court's proceedings along with his petition, and requests we

review those proceedings in accordance with the rule established in the *Franz* case. After careful review of those lower court proceedings, we grant petitioner's request.

In *Franz*, we held that when a defendant sentenced to death declines to exercise his unqualified right to appeal, we will not automatically acquiesce to his desire. We stated that a defendant sentenced to death will be able to forego an appeal only if he has been judicially determined to have the capacity to understand the choice between life and death and to knowingly and intelligently waive any and all rights to appeal his sentence. This court further held that we must review a lower court's determination on the issue of the waiver of an appeal in a capital case, and that the state has the burden of bringing the lower court's record on this issue to this court for review. We added that the record must be lodged at least seven days before execution date. All of these requirements have been met.

In sum, we would note that the trial court considered, and made a part of this proceeding, the same psychological evaluations that were introduced in *Franz*. Since those evaluations were alluded to in detail there, we need not reiterate those findings in this opinion. In addition, the trial court added to the record before us a forensic evaluation which was filed in a proceeding before the United States District Court, Eastern District of Arkansas. The federal court proceeding concerned the issue of whether Mr. Simmons was presently competent to waive habeas corpus relief. From our review of this recent forensic evaluation, we find nothing that diminishes in any way the earlier psychological evaluation submitted in the state proceedings.

The trial judge and petitioner's counsel performed an exceptional job in examining and exploring the petitioner's capacity to understand the choice between life and death and his ability to know and to intelligently waive any and all rights he might have in an appeal of his sentence. In addition, petitioner's counsel thoroughly discussed seven possible points that could be argued for reversal on appeal, and petitioner responded by stating he understood those points and that he rejected all encouragement and suggestions to appeal. Petitioner further acknowledged that the execution date was set for March 16, 1989, and that he had thirty days in which to appeal his conviction judgment.

After a careful review of the record and exhibits, we affirm the trial court's decision that the petitioner has knowingly and intelligently waived his right to appeal. Accordingly, we direct that this court's mandate be issued at the time this opinion is handed down.

HAYS, J., dissents for the reasons stated in *Franz* v. *State*, 296 Ark. 181, 754 S.W.2d 839 (1988).